1    **WO**                        **NOT FOR PUBLICATION**

2

3

4

5

6              **IN THE UNITED STATES DISTRICT COURT**

7                **FOR THE DISTRICT OF ARIZONA**

8    **STANLEY FISHMAN,**                )
                                         )
9              **Plaintiff,**            )
                                         )
10             **v.**                    )    **CIV 07-0591 PHX MEA**
                                         )
11   **D.P.S., SHERIFF, STATE OF**       )    **MEMORANDUM AND ORDER**
     **ARIZONA, MARICOPA COUNTY**        )
12   **SUPERIOR COURT,**                 )
                                         )
13             **Defendants.**           )
     _____    )

14

15           Plaintiff  has  agreed  to  the  exercise  of  magistrate

16   judge  jurisdiction  over  this  matter,  including  the  entry  of

17   final judgment.  Defendants have not been served nor appeared in

18   this matter.

19           Plaintiff, proceeding *pro se*, filed a complaint in this

20   Court, which was categorized as a complaint alleging violation

21   of his civil rights, and also filed a motion to proceed before

22   the Court *in forma pauperis*.  Plaintiff has also filed a motion

23   seeking the appointment of counsel.

24                Subject to subsection (b), any court of the
                  United States may authorize the commencement,
25                prosecution or defense of any suit, action or
                  proceeding,  civil  or  criminal,  or  appeal
26                therein,  without  prepayment  of  fees  or
                  security therefor, by a person who submits an
27                affidavit  that  includes  a  statement  of  all
                  assets  such  prisoner  possesses  that  the
28                person  is  unable  to  pay  such  fees  or  give

> security therefor.   Such affidavit shall
> state the nature of the action, defense or
> appeal and affiant's belief that the person
> is entitled to redress.

28 U.S.C. § 1915(a)(1) (1994 & Supp. 2006).

The Court must dismiss a complaint filed in tandem with a petition to proceed *in forma pauperis* if it is satisfied that the action "fails to state a claim on which relief may be granted." Id. § 1915(e)(2)(B)(ii).   The Court may not dismiss a case merely because it believes that the plaintiff will lose on the merits, or on a Federal Rules of Civil Procedure 12(b)(6) motion for failure to state a claim.  See Neitzke v. Williams, 490 U.S. 319, 109 S. Ct. 1827 (1989).  The Court may exercise its discretion to dismiss an action pursuant to 28 U.S.C. § 1915(d) if it is "frivolous or malicious," i.e., the claims have no arguable basis in law and fact.  See, e.g., Mayfield v. Collins, 918 F.2d 560, 561 (5th Cir. 1990).

Under the liberal rules applicable to *pro se* complaints, an action is frivolous if the plaintiff cannot make a rational argument on the law and facts in support of his claim.  See Van Sickle v. Holloway, 791 F.2d 1431, 1434 (10th Cir. 1988); Wiggins v. New Mexico State Supreme Court Clerk, 664 F.2d 812, 815 (10th Cir. 1981).  Even *pro se* pleadings must contain a minimum level of factual support and a plaintiff should not be allowed to proceed *in forma pauperis* if his complaint is so lacking in specific facts the Court must invent a factual scenarios not evident from the face of the complaint.  See Richmond v. Cagle, 920 F. Supp. 955, 957 (E.D. Wis. 1996).

-2-

To state a cognizable claim against the named defendants, a plaintiff must allege a specific injury resulting from specific conduct of the defendants.  Cf. Romero v. Fay, 45 F.3d 1472, 1475 (10th Cir. 1995) (so holding in the context of a civil rights claim.

To state a section 1983 claim, the plaintiff must allege facts showing a "person," acting under color of state law, deprived the plaintiff of a right, privilege, or immunity secured by the United States Constitution. See, e.g., West v. Atkins, 487 U.S. 42, 48, 108 S. Ct. 2250, 2254 (1988); Karim-Panahi v. Los Angeles Police Dep't, 839 F.2d 621, 624 (9th Cir. 1988).  State officials acting within their official capacities are not "persons" subject to liability under section 1983.  See, e.g., Will v. Michigan Dep't of State Police, 491 U.S. 58, 71, 109 S. Ct. 2304, 2312 (1989).  A state agency is, in particular circumstances, a "person" who may be sued pursuant to section 1983; however, the agency may only be sued for injunctive relief, rather than monetary damages.  See, e.g., Hafer v. Melo, 502 U.S. 21, 29-30, 112 S. Ct. 358, 364 (1991); Maldonado v. Harris, 370 F.3d 945, 951 (9th Cir. 2004).  Compare Wolfe v. Strankman, 392 F.3d 358, 365 (9th Cir. 2004) (concluding a suit for prospective injunctive relief, rather than monetary damages, is not barred by sovereign immunity).  To state a claim of the deprivation of civil rights, the plaintiff must allege a specific injury resulting from specific conduct of the defendants.  See Thomas v. County of Los Angeles, 978 F.2d 504, 509 (9th Cir. 1992).

-3-

Plaintiff's complaint, filed March 20, 2007, but dated July 4, 2006, states in its entirety:

> I can not get a fair hearing or trial in other courts.
> I am asking for sixty five million dollars as follows
> 1 - caused me to have [cancer] of stomach
> 2 - kept me in jail for about two years
> 3 - [accepted] a phony plea barg[ai]n
> 4 - refused to remove phoney plea bargain which was [written] after I sign the [original] one
> 5 - took all my [belongings] and took $10000.00 dollars of my money and cars and put it in [their] pockets
> 6 - refused to reopen the case against me
> 7 - [there] was no proof regarding all charges against me
> 8 - was beaten by sheriff men and [stole] a belongs while I was locked up
> 9 - knocked out my teeth while beating me refused to give [medical attention] at [the] time

Reading Plaintiff's complaint very broadly, there is clearly no arguable basis in fact or law on which his action may proceed in this Court. Plaintiff has not properly alleged a violation of a specific constitutional right. See <u>Shah v. County of Los Angeles</u>, 797 F.2d 743, 746 (9th Cir. 1986) (concluding that to survive a motion to dismiss the plaintiff must allege "that the injury he suffered at the [defendants'] hands infringed a right guaranteed by federal law or the federal Constitution."). Plaintiff asserts no factual basis for his allegations that he has been harmed, nor does the complaint allege any specific conduct on the part of any named defendant which caused Plaintiff's alleged harm. Plaintiff does not clearly allege that any named defendant acted under color of state law, nor does Plaintiff allege that any named defendant

deprived Plaintiff of a specific civil right.  Depending on when the alleged "events" occurred, it is possible Plaintiff's claims are all barred by the applicable statute of limitations.[1]

Additionally, because there is no *respondeat superior* liability pursuant to section 1983, Plaintiff has not properly alleged a claim for relief against any county sheriff. Furthermore, the Maricopa County Superior Court is not a state entity which may be sued pursuant to section 1983 and the judges of that court are entitled to absolute immunity from a section 1983 suit.  See Moore v. Brewster, 96 F.3d 1240, 1243 (9th Cir. 1996) (stating that the doctrine of judicial immunity extends not only to damages but to claims for declaratory and injunctive relief).

Plaintiff has arguably met the income requirements of proceeding *in forma pauperis*,[2] however, the Court is within its discretion in denying him *in forma pauperis* status and

---

[1]  The Court's cursory search of public records databases indicates Plaintiff was arrested and charged with criminal violations in 1994 and 1995.  The statute of limitations regarding a section 1983 claim arising in Arizona is two years.  See DeLuna v. Farris, 841 F.2d 312, 313 (9th Cir. 1988).  A district court may *sua sponte* dismiss a complaint on statute-of-limitations grounds if it is clear from the face of the complaint that the claims asserted are barred by the applicable statute of limitations because the court does not have subject matter jurisdiction over a claim which is time-barred.  See Franklin v. Murphy, 745 F.2d 1221, 1228-30 (9th Cir. 1984).

[2]  The Motion to Proceed In Forma Pauperis indicates Plaintiff is not employed, but does not specify when Plaintiff was last employed.  However, the motion is also dated July 4, 2006, approximately nine months prior to the date the motion was filed. Plaintiff indicated he receives $853 each month in Social Security benefits but does not indicate if he receives money from any other source.  Plaintiff did not respond to questions regarding his ownership of property or if he is married or if he has dependents. See Docket No. 3.

dismissing the complaint.  See O'Loughlin v. Doe, 920 F.2d 614, 617 (9th Cir. 1990); Wiggins v. New Mexico State Supreme Court Clerk, 664 F.2d 812, 816 (10th Cir. 1981).  Because the complaint does not allege specific acts occurring on specific dates by specific defendants and has no arguable basis in the law, and finding that the complaint is, therefore, frivolous, the complaint must be dismissed.  See Bennett v. State of Calif., 406 F.2d 36, 39 (9th Cir. 1969); Spencer v. Doe, 139 F.3d 107, 111 (2d Cir. 1998).

Whether to appoint counsel to an indigent plaintiff in a civil rights case is a decision within the discretion of the Court.  See Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986).  Counsel should be appointed only in exceptional circumstances.  Id.  A finding of exceptional circumstances may be made where there is both a likelihood of success on the merits and the plaintiff has demonstrated a lack of ability to articulate his claims in light of the complexity of the legal issues involved.  See Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983).  Although Plaintiff has not demonstrated an ability to articulate his claims clearly, as stated supra, there is no likelihood of success on the merits of Plaintiff's claims as stated in his complaint.  Accordingly, Plaintiff has not demonstrated the existence of exceptional circumstances in this matter which would warrant the appointment of counsel and the Court will not exercise its discretion to appoint counsel.

1    **THEREFORE, it is ordered that** Plaintiff's Motion to

2  Proceed in Forma Pauperis [Docket No. 3] is **denied**, and

3  Plaintiff's motion for appointment of counsel [Docket No. 6] is

4  also **denied.**

5    According,

6    **IT IS FURTHER ORDERED that** the Complaint is hereby

7  **dismissed with prejudice.**

8

9    DATED this 18ᵗʰ day of April, 2007.

10

11

12

13

14    _____
      Mark E. Aspey
15    United States Magistrate Judge

16

17

18

19

20

21

22

23

24

25

26

27

28                  –7–